## FOURTH DEPARTMENT, MAY, 1920.

In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by JESSE S. PHILLIPS, as State Superintendent of Insurance, for an Order to Take Possession of the Property and Conduct the Business of the " POLISH UNION OF AMERICA."

JAN GLADYSZ and Others, Appellants; JESSE S. PHILLIPS, as State Superintendent of Insurance, and Others, Respondents.

JAN GLADYSZ and Others, Individually and as Members of the " POLISH UNION OF AMERICA," an Unincorporated Association, So Called, Appellants, v. POLISH UNION OF AMERICA, an Incorporated Corporation, and Others, Respondents.

*Insurance — liquidation proceedings — when parties bound by orders therein — action in equity — dismissal of complaint.*

Appeals in the first proceeding from orders of the Supreme Court, made at the Erie Special Term and entered in the Erie county clerk's office November 7 and 29, 1919, each denying a motion to vacate certain Special Term orders theretofore made in said proceeding.

Appeal in the second case from a judgment of the Supreme Court, entered in the Erie county clerk's office November 12, 1919, dismissing the complaint.

PER CURIAM: We are of the opinion that the undisputed facts stated in the petition, affidavits and papers in the liquidation proceedings amply justified the orders of the Special Term under which the Superintendent has taken possession of the property of the association.* We are also of opinion that the appellants are bound thereby. Not only was the association represented on the hearings, but these appellants themselves appeared upon a rehearing of the matter upon the merits, as the order of Justice Taylor at Special Term recites. The orders in the liquidation proceeding being in full force and effect, as was stipulated by appellants upon the trial in the equity cause, the trial court correctly disposed of the action

---

* See Insurance Law, § 63, added by Laws of 1909, chap. 300, as amd. by Laws of 1912, chap. 217; Laws of 1913, chap. 29, and Laws of 1918, chap. 119.— [REP.

by dismissing the complaint. The orders appealed from should, therefore, be affirmed, with ten dollars costs, and the judgment in the equity action affirmed, with costs. All concur. Order affirmed, with ten dollars costs and disbursements. Judgment affirmed, with costs.